**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>OCTAVIO MANZO, AKA Moniker Little Malandrin,<br><br>              Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent.</td><td>No.    15-73293<br><br>Agency No. A200-155-649<br><br><br>MEMORANDUM*</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Octavio Manzo, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing Manzo's appeal from an

immigration judge's ("IJ") decision denying Manzo's application for asylum,

withholding of removal, and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1] Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

The BIA's determination that Manzo failed to establish a nexus between the harm he fears and a protected characteristic is supported by substantial evidence. Neither Manzo's general averments about fears of drug cartels, violence, and government corruption, nor his brother's assault and attempted robbery suffice to establish that Manzo's fear has a nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (returnees from the United States to Mexico not a cognizable social group). Thus, Manzo's claims for asylum and withholding of removal fail.

We lack jurisdiction to consider Manzo's argument that the BIA failed to remand to the IJ for clarification of his claimed social group because this argument was not raised before the agency. 8 U.S.C. § 1252(d)(1); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). To the extent he argues that the agency had a

---

[1] Manzo did not appeal denial of his CAT claim to the BIA, nor does he raise it in his petition for review.

2

responsibility to remand sua sponte, we deny relief because Manzo bore the burden of establishing eligibility for relief, including the particular social group of which he is alleged to be a part. 8 U.S.C. § 1158(b)(1)(b)(i). Manzo's argument that he was denied due process on this ground and on the ground that his claims "were not given proper weight" by the BIA also fail because he has not alleged prejudice necessary to state a due process violation. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (to state a due process violation a petitioner must show prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**